

U.S. Department of Justice
Civil Division, Appellate Staff
950 Pennsylvania Ave., N.W., Rm. 7245
Washington, D.C. 20530-0001

MBS:Sfrank

Steven Frank                                              Tel: (202) 514-4820
Steven.Frank@usdoj.gov                                    Fax: (202) 514-8151

September 2, 2014

Mr. Lyle W. Cayce, Clerk
United States Court of Appeals
  For The Fifth Circuit
600 S. Maestri Place
New Orleans, LA 70130-3408

              Re:   *Rynearson v. United States*, No. 13-51114

Dear Mr. Cayce,

     Pursuant to Fed. R. App. P. 28(j), the individual federal appellees submit *Castro v. Cabrera*, 742 F.3d 595, 602 (5th Cir. 2014), where this court held that, a border patrol agent was entitled to qualified immunity in a *Bivens* lawsuit where a detainee, a United States citizen who presented facially valid documentation, was detained up to ten hours at a port of entry. The Court cited *Hernandez v. Cremer*, 913 F.2d 230, 239-41 (5th Cir. 1990), which upheld an injunction allowing an inspecting officer twenty-four hours to complete an investigation into the citizenship of a person who presented documentation evidencing citizenship at a port of entry. *Id.* at 602, n. 17.

     Counsel for the federal appellees mentioned *Castro* at oral argument in the instant action to indicate that, if a ten-hour detention at the border was not a violation of the constitution, then a thirty-four minute detention at an immigration checkpoint, as in this case, is also not a violation of the Fourth Amendment. Of course *Castro* is distinguishable as it occurred at the border where law enforcement officers are granted greater leeway. Nevertheless, the presence of case law providing some parameters for a constitutional stop at the border only underscores

the complete absence of similar case law defining the limits of detention at an immigration checkpoint. Thus, the individual defendants in this case did not infringe "clearly established" constitutional rights (*see Pearson v. Callahan*, 555 U.S. 223, 236 (2009); *Freeman v. Gore*, 483 F.3d 404, 410 (5th Cir. 2007)), and the district court's judgment granting the individual defendants qualified immunity should be affirmed.

<u>This case was argued on September 2, 2014 before Judges Elrod, Southwick, and Reavley.</u>  We would appreciate it if copies of this letter could be distributed to the panel at your earliest convenience.

        Sincerely,

        /s/Steve Frank
        Steve Frank
        Counsel for Appellees


Cc:   All counsel of record (via CM/ECF)