# LAW OFFICE OF JAVIER N. MALDONADO, PC
## ATTORNEY AT LAW

8918 TESORO DR., STE. 575
SAN ANTONIO, TEXAS 78217
jmaldonado.law@gmail.com

TELEPHONE
(210) 277-1603

TELECOPIER
(210) 587-4001

September 5, 2014

VIA ELECTRONIC CASE FILING

Lyle W. Cayce, Clerk
U.S. Court of Appeals for the Fifth Circuit
600 S. Maestri Place
New Orleans, LA 70130-3408

      Re:    *Rynearson v. United States*, No. 13-51114 (Argument Held on Sept. 2, 2014) Panel: Circuit Judges Elrod, Southwick, and Reavley

Dear Mr. Cayce:

      As the government acknowledges, its supplemental authority involves points of entry. It is therefore entirely inapposite. This Court has explained that immigration checkpoints are not the functional equivalent of the border. *United States v. Machuca-Barrera*, 261 F.3d 425, 431 n.15 (5th Cir. 2001). The different border context is critical to the *Bivens* case cited by the government. *See Castro v. Cabrera*, 742 F.3d 595, 602 n.16 (5th Cir. 2014) ("'[T]he Fourth Amendment's balance of reasonableness is qualitatively different at the international border than the interior" and "'[r]outine searches of the persons and effects of entrants'" are allowed without probable cause) (quoting *United States v. Montoya de Hernandez*, 473 U.S. 531, 538 (1985)); *compare United States v. Martinez-Fuerte*, 428 U.S. 543, 567 (1976) ("[S]tops for brief questioning routinely conducted at permanent checkpoints are consistent with the Fourth Amendment," but any "further detention … must be based on consent or probable cause."). The government's citation of *Hernandez v. Cramer*, 913 F.2d 230 (5th Cir. 1990), is even more inapt, as it did not involve *any* Fourth Amendment claim, but rather was the *government's* appeal in a case addressing procedures required under the Due Process Clause before the government could exclude an American citizen from re-entry. *Id.* at 237-39.

      Nor is there a "complete absence of similar case law" addressing immigration checkpoints, as the government contends. As Mr. Rynearson argued, *see* Opening Br. 43-45, this Court held that a 6-10 minute immigration checkpoint stop was unconstitutional because it was longer than necessary to conduct the immigration inspection, which the agent in that case testified took 3-5 minutes. *United States v. Portillo-Aguirre*, 311 F.3d 647, 656 (5th Cir. 2002). Moreover, as Mr. Rynearson also contended, Reply Br. 22, this Court has explained that it has "delineated the bounds of immigration stops by applying our long-standing jurisprudence regarding stops based on reasonable suspicion—so-

- 2 -

called *Terry* stops." *United States v. Ellis*, 330 F.3d 677, 679-80 (5th Cir. 2003). Accordingly, the *Terry* cases cited by Mr. Rynearson, *e.g.*, Opening Br. 24, 45-46, also provide fair warning regarding the constitutional limits on immigration checkpoint detentions.

                         Sincerely,


                         /s/Javier N. Maldonado
                         Javier N. Maldonado
                         Counsel for Appellant


cc:    All counsel of record (via CM/ECF)